Appellant, Michael English, appeals from the trial court's denial of his post-conviction relief petition. The appellant was convicted of rape in March 1991 and sentenced to an indeterminate term of five to twenty-five years in prison.
On September 23, 1996, English filed his post-conviction petition in which he asserted that his conviction should be vacated because he was denied due process and the equal protection provisions of the United States and Ohio Constitutions. In support of his claim English contended the sentence imposed upon him in 1991 was unduly harsh and disproportionate in light of the provisions of Am. Sub. S.B. 2 which provide a determinate sentence for the same offense.
In support of his claim, English also contended that his counsel informed him he would receive a determinate sentence of five years.
In his first assignment of error, English contends the trial court erred in denying his petition without affording him an evidentiary hearing. Before a hearing is granted in these type of proceedings, the petitioner bears the initial burden of producing documents which contain sufficient operative facts to demonstrate that a material issue of material fact supporting his claim exists. State v. Jackson (1980), 64 Ohio St.2d 107. The petitioner failed to meet his initial burden in this respect. The claim that his trial counsel told him he would receive a determinate five years sentence is contradicted by the records of this case. Specifically, the defendant signed a guilty plea form in which he acknowledged that he understood the penalty for the rape offense was an indeterminate sentence of five to twenty-five years. The defendant has failed to demonstrate that an evidentiary hearing was required. See also, State v. Kapper
(1983), 5 Ohio St.3d 36. The first assignment of error is overruled.
In his second and third assignments of error, he contends the trial court erred in failing to recognize that he was denied equal protection of the law in the light of the sentencing and parole provisions of Am. S.B. 2.
The Supreme Court of Ohio recently ruled on the constitutionality of S.B. 2 as it relates to whether applying its provisions to those convicted and sentenced after July 1, 1996 while not applying the provisions retroactively to those convicted and sentenced before July 1, 1996 violates the equal protection and due process rights of those not affected by the enactment.State ex rel. Lemmon v. Ohio Adult Parole Authority (1997),78 Ohio St.3d 186. In Lemmon, where inmates filed mandamus complaints alleging that equal protection and due process required the application of S.B. 2 to them because they had already served their maximum sentences under the sentencing guidelines of S.B. 2, the Supreme Court of Ohio ruled that the Fourteenth Amendment does not forbid statutes to have a beginning, and to therefore discriminate between the rights of an earlier and later time. Moreover, the Court held that equal protection is not offended by treating those who committed offenses prior to the enactment of S.B. 2 differently from those who committed offenses and were sentenced after that date. Id. at 188.
Appellant asserts for the first time on appeal that the Ohio Adult Parole Authority Board proceeded with a full board hearing pursuant to R.C. 5149.101, a provision of S.B. 2, to determine if he was eligible for parole. He argues on appeal that it is unfair to apply some provisions of S.B.2 to him without applying all of them to him. The State correctly argues that this issue was not raised in the trial court and the record fails to portray appellant's contention in any event. This court is not required to consider issues raised for the first time on appeal. In reM.D.(1988), 38 Ohio St.3d 149.
The appellant's fourth assignment of error is that his trial counsel was ineffective in advising him he would receive an indeterminate five year sentence. As stated earlier, the defendant acknowledged at his plea that he faced an indeterminate sentence of twenty-five years. This assignment is without merit.
In his last assignment, appellant contends the trial court erred in finding that Am. S.B. 2 applies only to offenses committed after July 1, 1996. This assignment is also without merit. The legislation is by its own terms prospective in application. The unambiguous language of Section 5 as amended by Am.Sub H.B. 269, Sec. 3 provides as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date. (Sec. 5 of Senate bill 2).
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and notwithstanding division (B) of Sec. 1.58 of the Revised Code, to a person upon whom a court, on or after that date, and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date. (Emphasis added).
The judgment of the trial court will be Affirmed.
FAIN, J., and GRADY, J., concur.
Copies mailed to:
Karen L. Sollars
Michael D. English
Hon. David Gowdown