[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 186.]

**THE STATE EX REL. LEMMON, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.**

**THE STATE EX REL. KNOEFEL, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.**

**THE STATE EX REL. SHERMAN, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.**

**THE STATE EX REL. ANDERSON, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.**

**THE STATE EX REL. BILLMAN, APPELLANT, *v*. OHIO ADULT PAROLE AUTHORITY, APPELLEE.**

[Cite as *State ex rel. Lemmon v. Ohio Adult Parole Auth.*, 1997-Ohio-223.]

*Complaints in mandamus seeking release from Grafton Correctional Institution dismissed, when.*

(Nos. 96-2463, 96-2464, 96-2466, 96-2467 and 96-2468—Submitted March 4, 1997—Decided April 16, 1997.)

APPEALS from the Court of Appeals for Franklin County, Nos. 96APD07-845, 96APD07-849, 96APD07-869, 96APD07-851 and 96APD07-850.

————————————

{¶ 1} Appellants, inmates incarcerated in Grafton Correctional Institution, appeal from dismissals of their mandamus complaints filed in the Court of Appeals for Franklin County. In these five cases, appellants filed similar form complaints for a writ of mandamus in the court of appeals. They alleged that they were convicted of various felonies and sentenced to indeterminate terms prior to the July 1, 1996 effective date of Am.Sub.S.B. No. 2, which amended the felony sentencing provisions. Appellants claimed that equal protection and due process required application of the provisions of Am.Sub.S.B. No. 2 to them and that under these

amended sentencing provisions, they had already served their maximum sentences and were entitled to release from prison. Appellants requested writs of mandamus to compel appellee, Ohio Adult Parole Authority, to immediately conduct hearings and release them. The court of appeals granted appellee's Civ.R. 12(B)(6) motions and dismissed the complaints for failure to state a claim upon which relief can be granted.

{¶ 2} These causes are now before this court upon appeals as of right.[1]

———————————

*Richard Lemmon*, *pro se*.

*David C. Knoefel*, *pro se*.

*Laurece D. Sherman*, *pro se*.

*Bryan L. Anderson*, *pro se*.

*Raymond L. Billman*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Timothy J. Mangan*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 3} Appellants assert that the court of appeals erred in dismissing their mandamus actions. For the following reasons, we affirm the judgments of the court of appeals.

{¶ 4} Initially, as the court of appeals determined and appellants concede, Am.Sub.S.B. No. 2 expressly provides that the amended sentencing provisions do not apply to persons convicted and sentenced prior to July 1, 1996. See Section 5, Am.Sub.S.B. No. 2 ("The provisions of the Revised Code in existence prior to July

---

1. We *sua sponte* consolidate these cases for purposes of opinion because they raise identical legal issues. See *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 413, 667 N.E.2d 1220, 1221.

1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date ***.").

{¶ 5} Second, contrary to appellants' contentions on appeal, the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. "[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." *Sperry & Hutchinson Co. v. Rhodes* (1911), 220 U.S. 502, 505, 31 S.Ct. 490, 491, 55 L.Ed. 561, 563; *State v. Rush* (S.C. 1991), 305 S.C. 113, 115, 406 S.E.2d 355, 356 ("[E]qual protection is not offended by treating those who committed DUI offenses prior to the effective date of the amendment differently from those who committed offenses after that date."). This holding comports with the conclusions of appellate courts that have addressed the constitutionality of this aspect of Am.Sub.S.B. No. 2. *State v. Fannin* (Feb. 11, 1997), Franklin App. No. 96APA07-935, unreported, 1997 WL 65529; *State v. Jefferson* (May 24, 1996), Richland App. No. 95-CA-7, unreported, 1996 WL 3636547.

{¶ 6} Finally, habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. See, *e.g., State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30 ("[M]andamus is no longer available in these cases given the availability of habeas corpus."). A contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.*, attachment of commitment papers and verification. R.C. 2725.04; *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 650 N.E.2d 422; *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 671 N.E.2d 10.

{¶ 7} Based on the foregoing, the court of appeals properly determined that appellants' mandamus complaints failed to state a claim upon which relief can be granted.  Accordingly, we affirm the judgments of the court of appeals.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____