OPINION
Defendant-appellant, Virgil Jeffery Snowden, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
On August 9, 1989, appellant entered a guilty plea to one count of rape in violation of R.C. 2907.02, an aggravated first degree felony. On September 15, 1989, the trial court sentenced appellant to five to twenty-five years of imprisonment.
On September 26, 1996, appellant filed his petition alleging, among other things, that his indefinite sentence was void and he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2"). The trial court dismissed appellant's petition.
Appellant's first assignment of error claims the trial court violated constitutional prohibitions against ex post facto and retroactive laws by considering his petition under R.C. 2953.21
and 2953.23, as amended by Am.Sub.S.B. No. 4 (hereinafter "Senate Bill 4"). The postconviction relief statutes, as amended by Senate Bill 4 on September 21, 1995, now impose a time limitation for the filing of petitions. Appellant's position is that the trial court improperly applied this limitations period to his petition. We find appellant's argument to be without merit.
First, appellant has failed to demonstrate that the time limits imposed by the amended versions of R.C. 2953.21 and 2953.23 were retroactively applied to a "pending" petition for postconviction relief. Appellant's petition was not filed until September 1996, more than a full year after Senate Bill 4's effective date. Second, appellant has not shown any prejudice since the trial court fully considered the substantive grounds raised in the petition despite appellant's failure to file in a timely fashion. For these reasons, appellant's first assignment of error is overruled.
In his second assignment of error, appellant claims R.C.1.58(B) entitles him to be resentenced under Senate Bill 2. This court has previously considered and rejected this argument. See State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported; State v. Miller (Dec. 30, 1996), Warren App. No. CA96-10-104, unreported. Similarly, appellant's contention that his indefinite sentence constitutes cruel and unusual punishment is without merit, State v. Payne (June 23, 1997), Madison App. No. CA96-11-053, unreported, as are his claims that he was denied equal protection and due process. See State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186. The second assignment of error is without merit and is hereby overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.