Defendant-appellant, Robert J. Crigger, appeals the dismissal of his petition for postconviction relief. For the reasons that follow, we affirm.[1]
In June 1988, appellant was convicted on one count of felonious assault in violation of R.C. 2903.11, an aggravated second degree felony, and sentenced to an indefinite term of three to fifteen years in prison. In September 1996, appellant filed his petition alleging that his indefinite sentence violated his constitutional rights. Appellant claimed he was entitled to be resentenced to an definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2"). The trial court dismissed appellant's petition.
On appeal, appellant claims the trial court's refusal to resentence pursuant to Senate Bill 2 constitutes an abuse of discretion, cruel and unusual punishment, and a denial of equal protection.
Appellant's primary argument is that he has a right under Senate Bill 2 to be resentenced to a definite term of imprisonment. This legislation, effective July 1, 1996, does not apply to terms of imprisonment imposed for offenses committed prior to the bill's effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. Moreover, the failure to retroactively apply Senate Bill 2 does not constitute a violation of equal protection of law. Id. See, also, State ex rel. Lemmon v. Adult Parole Auth. (1997), 78 Ohio St.3d 186. Since appellant was sentenced in June 1988 for a crime committed before that date, Senate Bill 2 clearly does not apply.
Similarly, appellant's contention that his indefinite sentence constitutes cruel and unusual punishment is without merit. State v. Payne (June 23, 1997), Madison App. No. CA96-11-053, unreported.
Appellant's assignments of error are without merit and are hereby overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Plaintiff-appellee, the state of Ohio, has not filed a brief in this case.