OPINION
Defendant-appellant, Dale G. Becker, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
In 1991, appellant entered guilty pleas to one count each of gross sexual imposition and sexual battery. Appellant was sentenced to consecutive terms of three to ten years and four to ten years in prison.
On September 23, 1996, appellant filed his petition alleging that his indefinite sentence was void and he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2"). The trial court dismissed appellant's petition.
In his first assignment of error, appellant claims the trial court committed prejudicial error when it failed to attach copies of unreported appellate decisions to the entry denying appellant's petition for postconviction relief. While S.Ct.R.Rep.Op. 2(G)(3) requires a "party" citing an unpublished opinion to attach a copy to a brief or memorandum, there is no such similar requirement for a trial court. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant claims he was denied due process of law and his fundamental right to be free from cruel and unusual punishment based upon the failure to apply Senate Bill 2 to his case. Appellant claims that R.C. 1.58(B) entitles him to be resentenced under Senate Bill 2. This court has previously considered and rejected this argument. See State v. Miller (Dec. 30, 1996), Warren App. No. CA96-10-104, unreported. Similarly, appellant's contention that his indefinite sentence constitutes cruel and unusual punishment is without merit, State v. Payne (June 23, 1997), Madison App. No. CA96-11-053, unreported, as is his claim that he was denied due process of law. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186. The second assignment of error is without merit and is hereby overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.