Appellant Wayne Griffitts appeals from a judgment of the Montgomery County Common Pleas Court denying his petition for post-conviction relief. In his sole assignment of error, Griffitts contends the trial court erred by denying his request to be resentenced under Am.Sub. S.B. No. 2.
The present appeal stems from Griffitts' 1993 indictment for aggravated burglary. Following Griffitts' guilty plea to a reduced charge of burglary, the trial court imposed a five to fifteen-year sentence. Approximately three years after his conviction, Griffitts filed a petition for post-conviction relief. The trial court denied the petition on May 22, 1997, without holding an evidentiary hearing. Griffitts subsequently filed a timely appeal in which he raises the following assignment of error:
 I. "The trial court erred in denying the motion to be resentenced under the newly enacted Senate Bill 2 (two), which came into effect July 1, 1996."
In his assignment of error, Griffitts contends R.C. 1.58
entitles him to be resentenced under Ohio's new sentencing legislation. Furthermore, he argues that the lower court's failure to resentence him constitutes a violation of his Fifth, Eighth, and Fourteenth Amendment rights.
We find these arguments unpersuasive. This court recently addressed identical arguments in State v. Baker (May 16, 1997), Miami App. No. 96-CA-41, unreported. In that ruling, we noted that Am.Sub. S.B. No. 2 does not apply to inmates who were sentenced prior to the legislation's effective date. We also affirmed the trial court's ruling that no Fifth, Eighth, or Fourteenth Amendment violations exist. Similarly, in State v. Marcum (April 18, 1997), Miami App. No. 96-CA-39, unreported, we affirmed the trial court's determination that Ohio's new sentencing legislation does not apply to defendants sentenced prior to July 1, 1996, notwithstanding the existence of R.C. 1.58. See also State ex rel.Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186. Accordingly, we overrule Griffitts' assignment of error and affirm the trial court's judgment.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
Steven J. Ring
Wayne Griffitts
Hon. Mary E. Donovan