OPINION
Defendant-appellant David E. Gibson appeals the October 3, 1997 Judgment Entry of the Coshocton County Court of Common Pleas which denied his Motion for re-sentencing. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE
On November 21, 1995, appellant pled guilty to attempted aggravated murder, rape, and aggravated burglary, each with accompanying specifications. Said pleas were entered pursuant to a plea bargain agreement with appellee. Appellant was sentenced in accordance with the plea agreement on November 22, 1995.
On September 9, 1997, appellant filed a Motion for re-sentencing under Am. Sub. S. B. No. 2. On September 23, 1997, appellee filed a Memorandum Contra. By Judgment Entry filed October 3, 1997, the trial court denied appellant's motion. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLATE [SIC] BY DENYING DEFENDANTS [SIC] MOTION FOR RESENTENCING.
Appellant herein argues that because Am. Sub. S. B. No. 2 was effective November 9, 1995, some thirteen days before he was convicted and sentenced, he is entitled to be re-sentenced in accordance with that bill. Appellant's argument fails because Am. Sub. S. B. No. 2 did not become effective on November 9, 1995.
Am. Sub. S. B. No. 2, became effective July 1, 1996, over seven months after appellant's conviction and sentence. Said bill specifically provides it is applicable only to crimes committed after June 30, 1996:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
R.C. 1.58(B) also provides as follows:
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of statute, the penalty, forfeiture, or punishment if not already imposed, shall be imposed according to the statute as amended.
Since the trial court sentenced appellant prior to the effective date of Am. Sub. S. B. No. 2, he is not entitled to re-sentencing. This outcome does not violate petitioner's constitutional rights. In State ex rel. Lemmon v. Ohio AdultParole Auth. (1997), 78 Ohio St.3d 186, 188, the Supreme Court of Ohio held as follows:
 Second, contrary to appellants' contentions on appeal, the refusal of the General Assembly to retroactively apply the differing provisions of Am. Sub. S. B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. "[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." [Citations omitted].
Appellant's assignment of error is overruled. The judgment of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concurs.
 JUDGMENT ENTRY
CASE NO. 97CA32
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to appellant.