[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court from a judgment of the Erie County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), this case has been assigned to our accelerated calendar.
Appellant was indicted on January 17, 1997 for three counts of aggravated drug trafficking in violation of R.C.2925.03(A)(1), which he was alleged to have committed on or about April 12, 1996. The indictment included a specification that appellant had previously been convicted of carrying a concealed weapon.
On April 17, 1997, appellant pled guilty to one count of aggravated drug trafficking, with a prior conviction specification. The court dismissed the first two counts of the indictment. The same day, the trial court sentenced appellant to serve a prison term of two and one-half to ten years for the third degree felony, pursuant to the version of R.C. 2913.02 that was in effect prior to July 1, 1996.
On July 1, 1996, Am.Sub.S.B. 2, as amended by S.B. 269, became effective. Appellant's sentence was imposed under the provisions of R.C. 2929.12 in effect before July 1, 1996. The trial court denied appellant's subsequent petition for post-conviction relief seeking to use the provisions of Senate Bill 2 to modify his sentence.
The issues raised by appellant, which we will consider as his assignments of error, are whether the trial court violated R.C. 1.58[1] or denied him equal protection of the law by sentencing him under the statute in effect at the time of the offense rather that the sentencing statute in effect after July 1, 1996.
Appellee did not file its response timely, and we herebysua sponte strike it. This court's recent decisions are dispositive of the issues raised by appellant. This court has already rejected appellant's arguments in State v.Mills (Aug. 29, 1997), Wood App. No. WD-97-012, unreported (law uniformly applied to similarly situated individuals when offenses committed before July 1, 1996 are subject to sentencing provisions in effect before July 1, 1996).
See State ex rel. Lemmon v. Ohio (1997), 78 Ohio St.3d 186,187-88; State v. Gallagher (Sep. 30, 1997), Wood County App. No. 97-007, unreported.
Appellant's two assignments of error are found not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] R.C. 1.58(B) provides that if a penalty for any offense is reduced by reenactment or amendment of a statute, the penalty, if not already imposed, "shall be imposed according to the statute as amended."