[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a July 29, 1997 judgment entry of the Lucas County Court of Common Pleas in which the trial court denied a petition for post-conviction relief filed by appellant, Allen Deander McCadney. Appellant argued in the trial court, and now argues in this court, that his sentence imposed on April 5, 1995, after the trial court found him guilty of felonious sexual penetration, must be vacated, and he must be resentenced according to the new sentencing statutes that became effective on July 1, 1996.
The trial court denied appellant's petition for post-conviction relief. The trial court ruled that the new sentencing laws do not apply to appellant's case, because they are not retroactive.
Appellant has presented two "issues for review" which we have construed as assignments of error. Appellant argues in support of both assignments that the trial court was required to apply the new sentencing laws to his case. Appellant's arguments are unpersuasive for the following reasons.
First, appellant previously had a direct appeal to this court. He presented three assignments of error for our consideration, none of which contained an argument that the trial court applied the wrong sentencing laws in this case. State v.McCadney (Feb. 2, 1996), Lucas App. No. L-95-123, unreported. Accordingly, the doctrine of res judicata applies to bar appellant from now raising the sentencing issue through a petition for post-conviction relief, because the issue "could have been raised at trial court or on direct appeal." State v. Steffen (1994),70 Ohio St.3d 399, 410.
Second, even if appellant could successfully argue that he could not previously raise the issue because the new sentencing statutes were not in effect at the time of his direct appeal, appellant's arguments that the trial court applied the wrong sentencing statutes are unpersuasive. The new sentencing laws are subject to the provisions of R.C. 2951.011 which state, in pertinent part:
 "(A) Chapter 2951. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996." R.C. 2951.011(A).
Therefore, in this case the trial court correctly applied the sentencing statutes that were in effect on the date appellant was sentenced for his crime. R.C. 2951.011 clearly states that the new sentencing provisions are not retroactive.
The Supreme Court of Ohio has ruled that the new sentencing laws are not retroactive, State ex rel. Lemmon v. OhioAdult Parole Auth. (1997), 78 Ohio St.3d 186, 187-188, and that the non-retroactive provisions do not violate constitutional rights to due process and equal protection, id., at 188. See, also, State v. Blair (Aug. 8, 1997), Lucas App. No. L-97-1070, unreported; State v. White (May 16, 1997), Lucas App. No. L-96-215, unreported; and State v. Baxter (Feb. 21, 1997), Lucas App. No. L-96-093, unreported.
Appellant's first and second assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas denying appellant's petition for post-conviction relief is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
CONCUR.