[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a September 11, 1997 judgment entry of the Huron County Court of Common Pleas in which the court denied a petition for post-conviction relief filed by appellant, Steven M. Bisel. Appellant argued in his petition that his sentence for kidnapping should be vacated, and he should be resentenced under sentencing provisions that became effective on July 1, 1996. The kidnapping appellant was convicted of committing happened on November 19, 1995. Appellant was tried and convicted of the charge in September 1996. He was sentenced on October 25, 1996, pursuant to the sentencing provisions that were in effect when appellant committed the kidnapping.
The trial court ruled that the new sentencing laws are not retroactive, and did not apply to appellant's case. Therefore the trial court denied appellant's request to vacate his original sentence and to be resentenced under the new sentencing laws.
Appellant has presented two assignments of error to contend that the trial court's ruling was in error. He asserts in both assignments of error that the trial court was required to apply the new sentencing laws to his case, and that the trial court violated his constitutional rights when it used the old sentencing laws in his case. Appellant's arguments are unpersuasive for the following reasons.
First, appellant had a direct appeal from his conviction that has already been considered and decided by this court. Statev. Bisel (Jun. 27, 1997), Huron App. No. H-96-067, unreported. Appellant did not raise any assignment of error in that appeal relating to the sentencing laws that the trial court applied in his case. Id. Therefore, res judicata applies to bar appellant's claims in his post-conviction petition relating to the sentencing issues because the claims "could have been raised at trial or on direct appeal." State v. Steffen (1994), 70 Ohio St.3d 399, 410.
Second, even if appellant could still raise the issues relating to his sentencing, this court would be compelled to rule that there is no merit to appellant's assertion that the trial court applied the wrong sentencing statutes in his case. R.C.2951.011 provides that trial courts must apply the sentencing statutes that were in effect on the date a crime was committed, not on the date of conviction and sentencing. R.C. 2951.011
clearly states that the new sentencing provisions are not retroactive. The Supreme Court of Ohio has ruled that the new sentencing laws are not retroactive, State ex rel. Lemmon v. OhioAdult Parole Auth. (1997), 78 Ohio St.3d 186, 187-188, and that the non-retroactive provisions do not violate constitutional rights to due process and equal protection, id., at 188. See, also, State v. Blair (Aug. 8, 1997), Lucas App. No. L-97-1070, unreported; State v. White (May 16, 1997), Lucas App. No. L-96-215, unreported; and State v. Baxter (Feb. 21, 1997), Lucas App. No. L-96-093, unreported.
Appellant's first and second assignments of error are not well-taken. The judgment of the Huron County Court of Common Pleas denying appellant's petition for post-conviction relief is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
CONCUR.