DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Jason Christopher Mack appeals the order of the Common Pleas Court of Lorain County denying his postconviction motion for resentencing. We affirm because appellant's motion was not filed within statutory time limits.
In September 1996, appellant pleaded guilty to one count of receiving stolen property, in violation of R.C. 2913.51(A), one count of fleeing, in violation of R.C. 2921.331(B), one count of reckless operation, in violation of R.C. 4511.20, one count of driving without an operator's license, in violation of R.C.4507.02-(A)(1), one count of resisting arrest, in violation of R.C.2921.33(A), and one count of attempted felonious assault, in violation of R.C. 2923.02/2903.13(A). All of the charges stemmed from incidents occurring on March 2, 1996.
Appellant was sentenced on September 26, 1996, to one year in prison on the count of receiving stolen property, six months on the fleeing count, sixty days for driving without an operator's license, three to fifteen years for attempted felonious assault, six months for assault, and sixty days for resisting arrest. All sentences were to be served concurrently. Appellant did not file a direct appeal of his conviction and sentence.
On June 30, 1997, appellant moved the trial court to "advise and sentence" him pursuant to new sentencing guidelines that became effective on July 1, 1996, as part of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. 269 ("S.B. 2"). Appellant's argument was essentially that Am.Sub.S.B. 269 failed to amend R.C. 1.58 and that, accordingly, the court was required to sentence him under the new sentencing provisions.
The trial court denied appellant's motion, finding that "S.B. 2 specifically provides that it is not be applied retroactively and said provision is constitutional."
The appellant has appealed pro se the trial court's decision, asserting a single assignment of error:
 TRIAL COURT ERRED AS A MATTER OF LAW TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN DENYING APPELLANT TO BE RESENTENCED UNDER S.B. 2. SAID ERROR DEPRIVED APPELLANT'S RIGHT TO DUE PROCESS OF LAW GUARANTEED HIM UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
S.B. 2 amended numerous sentencing provisions of the Ohio Revised Code with respect to offenses committed after July 1, 1996. State v. McGee (July 2, 1997), Lorain App. No. 96CA006507, unreported, at 9-10. Ohio courts have repeatedly held that S.B. 2 is not unconstitutional as applied to persons who committed offenses prior to July 1, 1996. State ex rel. Lemmon v. OhioAdult Parole Auth. (1997), 78 Ohio St.3d 186, 188; State v. Shelly
(Feb. 18, 1998), Medina App. No. 2676-M, unreported, at 8-10.
Where a criminal defendant, subsequent to the running of the time for his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus; Statev. Dubois (Nov. 12, 1997), Wayne App. No. 97CA0019, unreported, at 3.
Pursuant to R.C. 2953.21 and 2953.23(A), the trial court was precluded from entertaining appellant's motion. R.C.2953.21(A)(2), as amended effective September 21, 1995, provides that where a direct appeal of a conviction has not been made, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Appellant was convicted and sentenced on September 26, 1996. In accordance with App.R. 4(A), he was required to file a notice of appeal within thirty days of the entry of judgment. Since that 30-day period ended on October 26, 1996, a Saturday, appellant could have filed a direct appeal as late as October 28, 1996. See R.C. 1.14. Appellant's 180-day period in which to file a petition for postconviction relief ended on April 26, 1997, a Saturday. Thus, appellant could have filed a petition for postconviction relief as late as April 28, 1997.
Since appellant did not file his petition for postconviction relief until June 30, 1997, his petition was not timely. However, the untimeliness of appellant's petition alone would not have given the trial court an automatic right to dismiss the petition.
As this court has explained previously, the untimeliness of a petition triggers analysis under R.C. 2953.23(A), which governs untimely and successive petitions for postconviction relief. See,e.g., State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported. Pursuant to R.C. 2953.23, a trial court must dismiss an untimely petition unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the deadline for filing his petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial.
A review of appellant's petition reveals that he did not meet the criteria of R.C. 2953.23(A). Accordingly, his assignment of error is overruled. The decision of the trial court denying his motion is affirmed for the reasons set forth in this opinion.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. ______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P.J.
DICKINSON, J. CONCUR.