[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, Maharathah Karmasu, appeals from a judgment entry dismissing his complaint for declaratory judgment and/or petition for a writ of habeas corpus.
On April 30, 1997, appellant filed a complaint for declaratory judgment and a petition for a writ of habeas corpus in the Trumbull County Court of Common Pleas. At that time, appellant, and the other twenty-two plaintiffs/petitioners were inmates at the Trumbull Correctional Institution. However, the other plaintiffs/petitioners are not parties to this appeal. Appellee, Chelleh Konteh, is the Warden of that prison.[1] At some point since the filing of this action, appellant has been transferred to the Southern Ohio Correctional Facility in Lucasville, Ohio.
In the complaint/petition, appellant stated that he and the other named plaintiffs were inmates who had been sentenced before July 1, 1996, pursuant to the Ohio law in effect before Am.Sub.S.B. No. 2. In summary, the complaint/petition alleged that the failure to apply Am.Sub.S.B. No. 2 to those persons convicted and sentenced before the effective date of the statute, July 1, 1996, violates: (1) the constitutional prohibition against cruel and unusual punishment of the Eight Amendment to the United States Constitution, and Section 9, Article I of the Ohio Constitution; (2) the Equal Protection Clause; and (3) the Ex Post Facto Clause. Appellee filed a motion to dismiss the petition/complaint for a failure to state a claim upon which relief may be granted, which was granted by the trial court in a judgment entry filed on October 7, 1997. Appellant filed a timely notice of appeal, and asserts the following as error:
 "[1.] The trial court committed error when it held the plaintiff/petitioners and appellant had not stated a cause of action in habeas corpus.
 "[2.] The trial court committed error when it held the plaintiff/petitioners and appellant had not stated a cause of action in declaratory judgment in relation to habeas corpus issues.
 "[3.] The trial court committed error when it held the plaintiff/petitioners and appellant had not stated a cause of action in declaratory judgment in relation to non-habeas corpus issues.
 "[4.] The trial court applied an improper standard in finding the action did not warrant the type of relief sought by petitioner/plaintiffs and appellant."
In the first assignment of error, appellant asserts that the trial court erred in dismissing his petition for a writ of habeas corpus. It is axiomatic that in order for a petition for a writ of habeas corpus to withstand a motion to dismiss, the petition must allege that the sentencing court lacked jurisdiction.Lippert v. Engle (1977), 49 Ohio St.2d 281, 281-282. Here, upon a review of appellant's petition, we perceive no allegation that the sentencing court lacked jurisdiction. Appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant asserts that even if his petition for a writ of habeas corpus was insufficient to withstand a motion to dismiss, the trial court committed error by dismissing his complaint for declaratory judgment. Appellant's asserts that application of Am.Sub.S.B. No. 2 to himself and similarly situated offenders violates equal protection, as well as the constitutional prohibitions against ex post facto laws and cruel and unusual punishment. The courts of this state have rejected each of these constitutional claims. First, the failure to apply Am.Sub.S.B. No. 2 to those offenders who committed their crimes before July 1, 1996, does not violate equal protection.State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186,188. Second, we have stated that a longer sentence under the old sentencing scheme does not constitute cruel and unusual punishment. State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079, unreported, at 6. See, also, State v. Snowden
(July 21, 1997), Butler App. No.CA97-04-076, unreported, 1997 Ohio App. LEXIS 3136. Third, the Supreme Court of Ohio has held that applying Am.Sub.S.B. No. 2 prospectively does not violate the constitutional prohibitions against ex post facto and retroactive legislation. State v. Rush (1998), 83 Ohio St.3d 53, paragraph three of the syllabus. Therefore, appellant's constitutional claims are substantively without merit. Thus, his second assignment of error is not well-founded.
In the third assignment of error, appellant asserts that the trial court erred in granting appellee's motion to dismiss his claim that appellee "confiscated material documents from plaintiff/petitioners * * *." However, we do not perceive how this assertion delineates a viable claim for either habeas corpus relief or declaratory judgment. First, appellant has not attacked the jurisdiction of the sentencing court; thus, this does not present a valid claim for habeas corpus relief. See Lippert,49 Ohio St.2d 281-282. Second, appellant has not requested the declaration of his rights under any statute, contract, or other written instrument. Therefore, declaratory judgment is inappropriate. See, generally, R.C. Chapter 2721. Appellant's third assignment of error is not well-taken.
In the fourth assignment of error, appellant claims that the trial court applied the incorrect standards to his assertions. This argument is not well-founded. Whether viewed as a habeas corpus petition or a declaratory judgment complaint, appellant's constitutional assertions are substantively without merit.Lemmon, 78 Ohio St.3d at 188; Flynn, supra, at 6; Rush, 83 Ohio St.3d 53, at paragraph three of the syllabus.
Moreover, his allegation that his personal property has been incorrectly seized also fails to state a cognizable claim for declaratory judgment because he has not requested the court to declare his rights under any statute, contract, or written instrument. See, generally, R.C. Chapter 2721. Appellant's fourth assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the trial court is affirmed. _______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.
[1] Initially, appellant named Betty Mitchell as the appellee in this action. Subsequently, however, Chelleh Konteh replaced Mitchell as the warden of the Trumbull Correctional Institution. As a result, Konteh has been substituted as the party to this appeal pursuant to App.R. 29(C)(1).