Defendant-appellant, Joe N. Mosley, appeals from the judgment of the Franklin County Court of Common Pleas denying his "Petition for Termination of Imprisonment." For the reasons that follow, we affirm the decision of the trial court.
On April 12, 1991, appellant was indicted on one count of kidnapping, one count of robbery, and seven counts of rape. On October 1, 1991, appellant pleaded guilty to one count of robbery. The trial court sentenced appellant to a prison term of four to fifteen years and ordered the sentence in the present case (case No. 91CR-04-2108) to run concurrently with the sentence in case No. 90CR-05-2556. The trial court did not specify whether the term of imprisonment was to run consecutively or concurrently with any other sentence.
On April 28, 1998, appellant filed a "petition for termination of imprisonment pursuant to O.R.C. 5145.01." In his petition, appellant claimed that he was on parole on a three-to-fifteen year sentence in case No. 84CR-08-2244 when he was convicted in the present case. Appellant alleged that the Department of Rehabilitation and Corrections had illegally ordered that the sentence in the present case be served consecutively to the sentence in case No. 84CR-08-2244. Appellant also claimed that he had been denied one hundred and one days of jail time credit in the present case, and finally, that the trial court lacked jurisdiction because no complaint was filed in the present case.
The trial court denied the petition, noting that consecutive service of the sentence in case No. 84CR-08-2244 was required by R.C. 2929.41(B)(3) which provides that there shall be consecutive service when a probationer, parolee, or escapee commits a new felony.
Appellant appealed from the trial court's decision, alleging as error the following:
 1. Did the trial court erred [sic] by not stating how defendant-appellant'[s] sentence was to run on Case No. 91CR-04-2108?
 2. Did the trial court erred [sic] by not crediting defendant-appellant with jail-time credit in the amount of 101 days?
 3. Did the trial court have proper jurisdiction to take the appellant to trial without a valid complaint?
In his first assignment of error, appellant argues "the Ohio Adult Parole Authority took it upon themselves to run Appellant's sentence consecutively to his sentence under 84CR-08-2244 * * * making his total sentence one of 7 to 30 years." It appears from appellant's petition that he is challenging his continued incarceration as he requested that the trial court cause his sentence to be terminated. Habeas corpus is the appropriate action for persons claiming entitlement to immediate release from prison. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997),78 Ohio St.3d 186, 188. Nevertheless, in the interest of judicial economy we note that regardless of the trial court's silence on the issue of consecutive or concurrent service in case No. 84CR-08-2244, appellant is required to serve the sentences consecutively.
R.C. 5145.01 provides in pertinent part:
 If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14
and 2929.41 of the Revised Code apply.
Pursuant to former R.C. 2929.41(B)(3), a sentence of imprisonment is to be served consecutively "[w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee." Appellant admits that he was on parole when he was arrested and charged with the commission of another felony. Thus, as a matter of law, appellant is required to serve the sentences consecutively regardless of the trial court's silence in the present case. The first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court failed to credit him with one hundred and one days of jail time credit. However, nowhere in his petition or his appellate brief has appellant pointed to any facts in the record tending to show that he is entitled to an additional one hundred and one days of jail time credit. The second assignment of error is not well-taken.
In his third assignment of error, appellant claims the trial court lacked subject matter jurisdiction because a complaint was not filed in the present action. A criminal case may be instituted, however, not only by a complaint but also by a citation or an indictment. State ex rel. Dozier v. Court ofCommon Pleas (June 3, 1999), Cuyahoga App. No. 76151, unreported. See, also, Crim.R. 3, 4.1, 6, and 7. The record shows that appellant was prosecuted upon indictment, and, accordingly, the third assignment of error lacks merit and is not well-taken.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BROWN, JJ., concur.