OPINION AND JUDGMENT ENTRY
This accelerated appeal comes to us from ajudgment issued by the Lucas County Court of Common Pleas which denied appellant'spro se motion for leave to file a "MOTION TO TERMINATE THE JURISDICTION OF THE OHIO ADULT PAROL BD. (OAPA), (Authority)!" Because we conclude that the trial court properly denied appellant's motion, we affirm.
In 1986, appellant, Gregory Mechels, was convicted and sentenced to a term of not less than three nor more than fifteen years for the offense of burglary, a second degree aggravated felony. In February 1999, appellant sought leave to file a motion with the Lucas County Court of Common Pleas, in which he claimed that the Ohio Parole Authority no longer had jurisdiction to hold him due to Ohio's new sentencing guidelines (Senate Bill 2) which went into effect July 1, 1996. Appellant contended that his constitutional rights were being violated because under his old sentence he was required to serve a longer term than what was imposed by the new guidelines. The trial court denied appellant's motion.
Appellant now appeals that decision, essentially arguing that the trial court's determination was erroneous and that the parole board lacks jurisdiction over him because of the new sentencing guidelines.
Senate Bill 2 specifically provides that the new guidelines do not apply to persons convicted and sentenced prior to July 1, 1996. As the trial court further noted in a well-reasoned decision, appellant's arguments have already been addressed and found not well-taken by the Supreme Court of Ohio. See State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997),78 Ohio St.3d 186. Appellant was convicted and sentenced in 1986, well before the effective date of the new guidelines. Therefore, the trial court properly found that appellant's sentence will not be affected by the new sentencing laws.
Appellant also apparently contends on appeal that "`time served by the (appellant), was never deducted' (from the sentence)" when reviewed by the parole board. However, we can find nothing in the record to support this argument.
Accordingly, appellant's assignment of error is not well-taken. Appellant's motion for leave to file an "AMICUS CURIAE" brief is also not well-taken and is denied.
Furthermore, we are compelled to note that the state of Ohio's brief fails to comport with App. R. 16 which provides, in pertinent part that the brief shall include:
 "(7) An argument containing the contentions of the [appellee] with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." (Emphasis added.)
In response to appellant's assignment of error, appellee filed the following statement:
 "Please see the State's response to Appellant's filing in the trial court, and the trial court's Judgment Entry of February 26, 1999.
 "For the reasons set forth in the State's response, this Court should find Appellant's Assignment of Error not well taken and overrule same."
Appellee's "argument by reference" is unacceptable and tantamount to contempt for the rules of this court. Consequently, we strike appellee's brief for non-compliance with App.R. 16 and 6th Dist.Loc.App.R. 10.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.