OPINION
In 1994, defendant-appellant, Eric L. Woods, was convicted on six counts of violating of R.C. 2913.11(A) for issuing a series of checks during February and March of that year. Appellant was sentenced to consecutive terms of two years on each count. The convictions were subsequently affirmed on direct appeal.State v. Woods (Oct. 2, 1995), Butler App. No. CA94-12-225, unreported, appeal dismissed (1996), 74 Ohio St.3d 1523.
Five years later, on October 2, 1999, appellant filed a motion asking to be re-sentenced under "Senate Bill 2." The trial court denied appellant's motion. In a single assignment of error, appellant claims the trial court abused its discretion in denying his motion without a hearing. The gravaman of appellant's argument is that the trial court's refusal to re-sentence him constitutes a denial of due process of law.
Am.Sub.S.B. No. 2, effective July 1, 1996, substantially altered felony sentencing procedures in the state of Ohio. The legislation does not apply to terms of imprisonment imposed for offenses committed prior to the bill's effective date. "This court has previously held that the failure to apply Senate Bill 2 to a defendant who committed — and was convicted of and sentenced for — a crime before Senate Bill 2's July 1, 1996 effective date was [not] a denial of due process * * * of the law." State v. Payne
(June 23, 1997), Madison App. No. CA96-11-053, unreported, at 5. See, also, State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported; State v. Miller (Dec. 30, 1996), Warren App. No. CA96-10-104, unreported.
Moreover, the Supreme Court of Ohio has held that the failure to retroactively apply Senate Bill 2 to individuals sentenced for crimes committed before July 1, 1996 does not constitute a denial of due process. State ex rel. Lemmon v. Ohio Adult Parole Auth.
(1997), 78 Ohio St.3d 186.
We accordingly conclude that the trial court did not abuse its discretion in denying appellant's motion for re-sentencing without a hearing. The sole assignment of error is hereby overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.