[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jay H. Clow, Jr., appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. Clow's classification as a sexual predator stemmed from an earlier trial in which he entered pleas of guilty to four counts of illegal use of a minor in nudity oriented material, three counts of gross sexual imposition, two counts of pandering sexually oriented material involving a minor, and two counts of attempted gross sexual imposition. Clow admitted that all of his victims were between seven and fourteen years of age. In 1989, Clow was sentenced to an indefinite fifteen-to-seventy-five-year period of incarceration.
At the April 2000 hearing, held before the same judge who had accepted Clow's pleas and had entered sentence, the state offered, in addition to Clow's pleas of guilty, several exhibits. These exhibits included the Sexual Predator Screening Instrument prepared by the Department of Rehabilitation and Correction, and the presentence psychiatric report prepared in 1989. In the report, Nancy Schmidtgoessling, Ph.D., a clinical psychologist, stated that Clow "is a regressed pedophile." The report noted that "regressed pedophilia is an extremely difficult compulsion to control" and the chance of relapse is great.
Clow offered seven exhibits into evidence consisting of over fifty pages of certificates of completion for various alcoholism and sexual-offender programs, transcripts of college courses completed in prison, and personal letters of thanks for Clow's assistance to the instructors of prison programs. On the basis of this evidence, Clow claimed that he was rehabilitated. See State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported.
On July 31, 2000, the trial court filed a memorandum decision finding Clow to be a sexual predator. The trial court first identified the evidence adduced at the hearing. Then, as contemplated by the statutory scheme, the trial court reviewed the record and arguments of counsel, and identified those factors listed in R.C. 2950.09(B)(2) that were present and those that were not reflected in the record. On September 1, 2000, the trial court journalized its entry finding that Clow was a sexual predator. See R.C. 2950.09(C). Raising a single assignment of error, Clow claims the trial court erred in finding him to be a sexual predator.
In its thorough and reflective memorandum decision, the trial court commended Clow for his "honest and sincere" efforts at self-improvement in prison. The court then noted that "none of the exhibits * * * presents any direct evidence that this will change his long standing sexual perversity." The trial court then identified the statutory factors supporting its decision: the disparity in the ages of Clow and his victims, the pattern of abuse in the special relation between a teacher and his student victims, and the diagnosis — unrebutted by a contemporary evaluation that Clow is "a regressed pedophile." The court noted that, "This case can and must serve as a prime example of the reason why this law was created."
After reviewing the record in its entirety, including Clow's admission of repeated sexual acts and encounters with numerous minors, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Clow was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that Clow is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620.
Clow's next contention, that at the time the trial court held the sexual-predator hearing it failed to retroactively apply the sentencing provisions of Ohio Senate Bill 2 to his 1989 conviction and sentence, is without merit, as Senate Bill 2 does not apply to persons convicted and sentenced prior to July 1, 1996. See Lemon v. Ohio Adult Parole Auth.
(1997), 78 Ohio St.3d 186, 677 N.E.2d 347.
Clow's final contention, that the trial court erred in relying upon "unreliable hearsay" contained in the screening document, fails as the trial court had ample reliable evidence before it indicating the facts of Clow's offenses. Cf. State v. Whorton (Aug. 21, 1998), Hamilton App. No. C-970901, unreported. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt, and Sundermann, JJ.