OPINION
{¶ 1} Defendant-appellant Stephen A. Patterson (hereinafter "defendant") appeals from the January 14, 2003 judgment entry of the Franklin County Court of Common Pleas denying defendant's request for judicial release. For the reasons which follow, we affirm the judgment of the trial court.
{¶ 2} A jury returned a guilty verdict of attempted murder with a gun specification on September 14, 1995. The verdicts were journalized September 18, 1995. The trial court sentenced defendant to an indefinite term of 10 to 25 years, plus an additional three years for the statutory firearm specification.
{¶ 3} Defendant appealed his conviction to this court. On April 4, 1996, we upheld defendant's conviction but remanded the matter to the trial court for resentencing. On resentencing, the trial court imposed the same sentence.
{¶ 4} On December 2, 2002, defendant filed a motion for judicial release. On January 14, 2003, without holding a hearing, the trial court denied defendant's motion for judicial release.
{¶ 5} Defendant timely appeals the judgment of the trial court and asserts the following assignment of error:
Defendant who was convicted prior to 1996 of a felony offense involving a firearm is deprived of equal protection of the law where he is deemed not eligible for consideration for early release pursuant to the provisions of the "shock probation/judicial release statute", while those similarly situated based on offenses that were committed after the effective date of Senate Bill 2 in July, 1996 are considered eligible.
{¶ 6} Am.Sub.S.B. No. 2 (hereinafter "S.B. 2") replaced the shock probation statute, former R.C. 2947.061, with a judicial release statute, R.C. 2929.20. As defendant was convicted prior to the effective date of S.B. 2, defendant's request for early release was for shock probation pursuant to former R.C. 2947.061. However, he argues his ineligibility for judicial release pursuant to R.C. 2929.20 violates equal protection of the law as a person convicted of the exact offense after the effective date of S.B. 2 is considered eligible for judicial release.
{¶ 7} The Ohio Supreme Court addressed the issue of whether denying the applicability of S.B. 2 provisions prior to its effective date violated equal protection of the law. In concluding the prospective application of S.B. 2 does not violate equal protection of the law, the Ohio Supreme Court stated:
[T]he refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution."
State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997),78 Ohio St.3d 186, 188.
{¶ 8} Accordingly, considering, as we must, defendant's request for early release pursuant to former R.C. 2947.061, and not R.C. 2929.20, as enacted in S.B. 2, we find no deprivation of equal protection of the law.
{¶ 9} Moreover, we conclude we lack jurisdiction to review the trial court's denial of defendant's motion for shock probation. In State v. Coffman (2001), 91 Ohio St.3d 125, 126, the Ohio Supreme Court held "a trial court's denial of a motion for shock probation is never a final appealable order." The Coffman court reasoned a trial court's denial of a motion for shock probation did not affect a "substantial right" as the statutory provision providing for shock probation conferred substantial discretion to the trial court while, at the same time, not providing for appellate review. Id. at 128.
{¶ 10} Accordingly, defendant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Petree, P.J., and Deshler, J., concur.