**[Cite as *State v. Ricks*, 2025-Ohio-2262.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-24-1288 |
| Appellee | Trial Court No. CR0197605607 |
| v. | |
| St. Michael Ricks a.k.a. Michael Williams | **DECISION AND JUDGMENT** |
| | Decided: June 27, 2025 |
| Appellant | |

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee

St. Michael Ricks a.k.a. Michael Williams, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, the defendant-appellant, St. Michael Ricks (a.k.a.

Michael Williams) appeals a November 14, 2024 judgment by the Lucas County Court of

Common Pleas that denied his motion to suspend further execution of his prison

sentence. As set forth below, we affirm the trial court's judgment, as modified.

# I. Background

{¶ 1} In 1976, Ricks was convicted of aggravated robbery in the Lucas County Court of Common Pleas and sentenced to not less than four (4) to no more than 25 years in prison. The trial court ordered that the sentence be served consecutively to another sentence previously imposed in Wood County, for a total sentence of 4.5 to 30 years.

{¶ 2} After serving four years, Ricks was released on October 20, 1980 and given a one-year minimum period of supervised parole. He absconded from his supervision and was declared a "parole violator at-large" on April 21, 1981.

{¶ 3} While at-large, Ricks was convicted of committing additional offense(s) in the state of Michigan, and was sentenced to serve a "life sentence, preceded by a flat two-year term for possession of a firearm in the commission of a felony." During his term of imprisonment in Michigan, the Ohio Department of Rehabilitation and Correction ("ODRC") sent a warrant for Ricks's arrest to the State Prison of Southern Michigan on August 25, 1988, and then to the Michigan Parole Authority on October 21, 2021. The ODRC requested that the Michigan authorities treat the warrant as a detainer and stated that it "will extradite [Ricks] when [he] becomes available." Ultimately, Ricks served 40 years in the Michigan State Prison.

{¶ 4} Michigan authorities "returned" Ricks to ODRC custody on November 10, 2021. A parole board hearing officer recommended that Ricks's parole be revoked and the matter continued for 24 months, but the Ohio Parole Board continued the matter until May of 2022. At that time, the board was "unable to reach a majority vote," and the

2.

matter was submitted to the Central Office Board Review, which granted Ricks parole in June of 2022. In September of that year, Ricks was released to a halfway house.

{¶ 5} Ricks violated the conditions of his parole "multiple times," and he was arrested and returned to the ODRC on December 14, 2022. On January 17, 2023, Ricks's parole was revoked, and the hearing officer recommended that the matter be continued for 60 months. Ricks's next meeting with the Parole Board is in December of 2027.

{¶ 6} On September 13, 2023, Ricks moved for his "immediate release" with the filing of a "motion suspending further imposition of prison sentence for violating Ricks's right to due process." Ricks argued that the Adult Parole Authority ("APA") violated R.C. 2697.15 in 1988, or "within a reasonable time" thereof, by failing to "make a determination" on Ricks's parole violator-status. Ricks also argued that the "second parole violation warrant" was ineffective because the statute of limitations, applicable to his original offense of aggravated robbery, had long-since expired.

{¶ 7} The State opposed the motion, which it supported with affidavits from officials with the ODRC and the Ohio Parole Board. The State argued that the APA had no authority to act while Ricks was in the custody of another state and that its statutory duties under R.C. 2967.15 were tolled from the time Ricks was declared to be a violator at-large until his return to the ODRC. As for Ricks's statute of limitations claim, the State argued that R.C. 2907.13, which requires that a felony prosecution be "commenced within [six years] after [the] offense is committed," had no bearing on a parole revocation proceeding.

3.

**{¶ 8}** On November 14, 2024, the trial court denied Ricks's motion. Ricks appealed and raises two assignments of error for our review:

**First Assignment of Error.** The trial court erred and abused its discretion to the prejudice of Appellant, in finding Ricks' Motion to Suspend Further Imposition of Prison Sentence for a Due Process Violation NOT WELL TAKEN.

**Second Assignment of Error.** Appellant was prejudiced and denied his Due Process rights within the meaning of the Fifth and Fourteenth Amendment of the U.S. Constitution, Article I, Section 16 of the Ohio Constitution, as well as O.R.C. 2967.15.

## II. Law and Analysis

**{¶ 9}** Ricks does not challenge the trial court's determination that the statute of limitations "has no applicability to parolee Ricks's circumstances in this matter." Instead, Ricks argues on appeal that the trial court erred in failing to order his "immediate release" from prison for the APA's violation of R.C. 2967.15(B). Specifically, Ricks claims that the APA failed to hold a "[parole] revocation hearing (in 1988), [or] within reasonable time" thereof.

**{¶ 10}** R.C. 2967.15 ("Violation of pardon, parole, or other supervised release") governs the arrest and disposition of a parolee who has violated a condition of his parole. *State v. Bell,* 2026-Ohio-4630, ¶ 5 (1st Dist.). The statute provides, in relevant part, that

> [P]rior to the revocation by the adult parole authority of a person's . . . . parole. . . and prior to the imposition by the parole board or adult parole

4.

authority of a new prison term as a post-release control sanction for a person, the adult parole authority shall grant the person a hearing in accordance with rules adopted by the department of rehabilitation and correction under Chapter 119 of the Revised Code. . . If the authority fails to make a determination of the case of a parolee. . .alleged to be a violator of the terms and conditions of the parolee's. . . parole. . . *within a reasonable time*, the parolee. . . shall be released from custody under the same terms and conditions of the parolee's. . . original. . . parole. (Emphasis added.)  R.C. 2967.15(B).

{¶ 11} Habeas corpus is the appropriate method "to challenge a decision of the [APA] in extraordinary cases involving parole revocation." *Alford v. Crutchfield,* 2016-Ohio-7295, ¶ 11 (12th Dist.), citing *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 187 (1995).  "This occurs most notably 'when the parole authorities fail to make a determination of the parole violation issue within a reasonable time.'" *Id.,* quoting *Beach v. McAninch,* 111 Ohio App.3d 667, 672 (4th Dist. 1996); *see also State v. Bell,* 2016-Ohio-4630, ¶ 10 ("R.C. Chapter 2725, governing habeas corpus, provides the proper procedure for a prisoner who, like Bell, claims an entitlement to immediate release from prison based on an alleged 'lost time' error.").

{¶ 12} *Alford* involved similar facts, except that—unlike the instant case—it was brought as an action in habeas corpus.  In *Alford*, the defendant was on parole in Ohio when he was charged in federal court with committing armed robbery.  The defendant was later convicted and sentenced to serve 144 months in federal prison.  Upon his release, the defendant was returned to the ODRC, and his parole was ultimately revoked.  The defendant filed a petition for a writ of habeas corpus, seeking his immediate release from prison and reinstatement of his parole status.  He argued that the APA created an "unreasonable delay" in failing to hold a parole revocation hearing at the time of his

5.

arrest on federal charges and instead waiting until his return to the ODRC. After finding that habeas corpus was the "appropriate" avenue of relief, the court of appeals affirmed the denial of the writ because, "it is constitutional to wait to hold a parole revocation hearing until after a prisoner has completely served an intervening sentence.'" *Id.* at ¶ 17, 21, quoting *Matter of Byrd*, 1990 WL 59222, *3 (12th Dist. May 7, 1990), citing *Moody v. Daggett*, 429 U.S. 78 (1976).

{¶ 13} Similarly here, Ricks claims that he is entitled to release because the APA did not make a determination regarding his alleged parole violation in 1988 or within "a reasonable time" thereafter. But, as stated in *Alford*, this claim arises under Chapter 2725, which governs habeas corpus. "A contrary holding would permit inmates seeking immediate release from prison . . . to circumvent the statutory pleading requirements for instituting a habeas corpus action." *State ex rel. Lemmon v. Ohio Adult Parole Authority,* 78 Ohio St.3d 186, 188 (1997) ("habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison.")

{¶ 14} The jurisdiction to issue a writ of habeas corpus to compel the production or discharge of an inmate at a correctional institution is conferred only upon "the courts or judges of a county in which the institution is located." R.C. 2725.03. Indeed, "[a]ny writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void." *Id.*

{¶ 15} Ricks filed his motion in Lucas County but, according to the motion, he is "presently incarcerated at Chillicothe Correctional Institute" in Ross County, Ohio. Thus, the Lucas County trial court lacks jurisdiction to grant Ricks relief in habeas corpus.

6.

### III.     Conclusion

**{¶ 16}** Upon our determination that the trial court properly denied Ricks the relief sought in his "Motion to Suspend Further Execution of Sentence," we overrule his first and second assignments of error.  Because the trial court had no jurisdiction to entertain the motion on its merits, the motion was subject to dismissal.  *Accord Bell* at ¶ 13.  Therefore, pursuant to App.R. 12(A)(1)(a), we modify the judgment from which Ricks has appealed to reflect the dismissal of the motion.  *Id.*  And, we affirm the judgment as modified.

Judgment affirmed
and modified.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Chrisine E. Mayle, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.