[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is a criminal appeal from the Trumbull County Court of Common Pleas. Appellant, George Slider, appeals from the trial court's sentencing entry pursuant to a plea agreement in which appellant pleaded guilty to aggravated assault with a physical harm specification, R.C. 2903.12(A)(1) and 2941.143, a fourth degree felony.
On January 9, 1996, the Trumbull County Grand Jury indicted appellant on one count of felonious assault for knowingly causing or attempting to cause serious physical harm to Jeremy Neely, age two, on or about October 15, 1995, in violation of R.C. 2903.11, an aggravated felony of the second degree.
On May 8, 1996, the Trumbull County Court of Common Pleas entered judgment accepting appellant's guilty plea to one count of aggravated assault with a specification of physical harm in violation of R.C. 2903.12(A)(1) and R.C. 2941.143, a felony of the fourth degree. On May 10, 1996, appellant was sentenced to an indefinite prison sentence of two to five years. In the sentencing judgment entry, the trial court expressly stated that it inquired into whether appellant had anything to say or if appellant wished to advance any reason why judgment should not be pronounced against him. That judgment entry further stated that appellant "showed no good cause or sufficient reason why sentence should not be pronounced."
On February 3, 1997, appellant filed a motion with the trial court to "harmonize" his sentence to conform with the provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2"), which became effective July 1, 1996. On July 11, 1997, the trial court overruled appellant's motion to harmonize. On September 12, 1997, appellant filed a notice of appeal with this court.[1] Appellant submitted his brief in this matter on January 26, 1998, asserting the following assignments of error:
 "[1.] Does the mandate of Am. Sub. Senate Bill 2, which took effect on July 1, 1996, inadequately prevent a trial court from applying the new sentencing provisions to a case formerly disposed of by a trial court.
 "[2.] Was the appellant denied his constitutional right to Allocution at the time he was sentenced."
Although the "assignments" advanced by appellant are worded as interrogatories, we will address the substantive aspects of these issues as though they were affirmatively stated.
In the first assignment of error, appellant contends that the Senate Bill 2 sentencing scheme should apply retroactively in this case, which would allow the trial court to sentence him to a definite term of incarceration. To support this proposition, appellant contends that R.C. 1.58 acts as a savings clause that requires the retroactive application of Senate Bill 2. Conversely, appellee submits State ex rel. Lemmon v. Ohio AdultParole Auth. (1997), 78 Ohio St.3d 186, to support its position that Senate Bill 2 cannot be retroactively applied in this matter.
In Lemmon, 78 Ohio St.3d at 187-188, the Supreme Court of Ohio unequivocally held:
 "Am.Sub.S.B. No. 2 expressly provides that the amended sentencing provisions do not apply to persons convicted and sentenced prior to July 1, 1996. See Section 5, Am.Sub.S.B. No. 2 (`The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date * * *').
 "Second, contrary to appellants' contentions on appeal, the refusal of the General Assembly to retroactively apply the differing provisions of Am. Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996[,] did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution."
However, the Supreme Court of Ohio recently extended the ruling in Lemmon by holding that "[t]he amended sentencing provisions of S.B. 2 [Senate Bill 2] apply only to those crimes committed on or after July 1, 1996." State v. Rush (1998), 83 Ohio St.3d 53, 58. Thus, under Rush, there is no requirement that a person must be convicted and sentenced prior to July 1, 1996, in order to preclude the retroactive application of Senate Bill 2, as was indicated by Lemmon. In Rush, the court consolidated three separate cases for consideration, each of which consisted of the appellant having committed an offense prior to July 1, 1996, but sentenced after that date. In each case, the appellants claimed that they were entitled to sentencing under the provisions of Senate Bill 2, rather than the sentencing guidelines in effect at the time the offense was committed. The court held that Senate Bill 2 did not apply to their cases because each appellant committed the crime in issue prior to July 1, 1996. Id. at 58, 60. Therefore, the court held that each appellant must be sentenced according to the sentencing guidelines in effect at the time they committed their crimes. Id. at 60.
In the case sub judice, appellant committed his crime on or about October 15, 1995, which clearly is long before the effective date of Senate Bill 2. Consequently, appellant must be sentenced in accordance with the sentencing guidelines in effect at the time of his crime. Therefore, this aspect of appellant's first assignment of error is not well-taken.
In Rush, the court also held that R.C. 1.58 does not mandate the retroactive application of Senate Bill 2. Id. at 57-58. R.C.1.58(B) is the provision most important to appellant's position, and states, "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." The General Assembly is the sole body vested with the authority to establish the effective date of an enactment passed pursuant to its legislative powers. Id. at 57. "In the instant case, the original language expressed the General Assembly's intent that the provisions of S.B. 2 [Senate Bill 2] be applied only to crimes committed on or after its effective date." Id. Furthermore, the "notwithstanding" language[2] of Senate Bill 2 "is a clarification of the General Assembly's intent that the terms of S.B. 2 [Senate Bill 2] be applied only to those persons committing crimes on or after July 1, 1996. * * * [And] was in fact an unnecessary clarification." Id. Additionally, "R.C. 1.58(B) does not create a vested right to be sentenced according to amended laws: it is a general rule of statutory construction." Id. at 56. Also, R.C. 1.51 provides that when a general and a specific rule of statutory construction conflict, the specific rule prevails, unless the general rule is the later adoption and is manifestly intended to predominate. Id. at 58.
Therefore, because Senate Bill 2 is a specific statutory provision, enacted after R.C. 1.58 and clearly intended only to apply to crimes committed on or after its effective date, R.C.1.58(B) cannot compel its retroactive application. Thus, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant claims that his constitutional right to allocution was denied at the time he was sentenced, in violation of R.C. 2947.05[3] and Crim.R. 32(A)(1).
Crim.R. 32(A)(1) requires the trial court to afford the defendant and his attorney an opportunity to address the court by making a statement in the defendant's behalf before sentencing is pronounced. Crim.R. 32(A)(1) requires the court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment," before the court pronounces its sentence.
However, in State v. Awan (1986), 22 Ohio St.3d 120, 122, the Supreme Court of Ohio held that the general rule is that an appellate court will not consider any error which counsel for the aggrieved party could have brought to the trial court's attention, but failed to, at a time when such error could have been corrected. In addition, pursuant to App.R. 16, appellant has not identified a place in the record where the assignment of error is reflected. Also, appellant has not supplied this court with a copy of the transcript, as required by App.R. 9.
Finally, we note that appellant did not raise the issue of allocution in either his original or supplemental motions to "harmonize" his sentence to conform with Senate Bill 2. Instead, appellant now attempts to bootstrap the allocution issue to his appeal from the trial court's denial of his motion to "harmonize."
Thus, appellant has failed to demonstrate that the trial court erred in its sentencing procedure. In fact, the record, as it appears before this court, indicates that the trial court properly complied with appellant's allocution right because appellant admits in his brief that "the court addressed trial counsel, then asked the defendant if he had anything to say as to why sentence should not be imposed." Moreover, the trial court's sentencing judgment entry states, "the Court made inquiry as to whether this Defendant had anything to say why judgment should not be pronounced against him, and the Defendant in answer showed no good cause or sufficient reason why sentence should not be pronounced." Therefore, appellant's second assignment of error is not well-taken.
For the foregoing reasons, the assignments of error are without merit, and the judgment entry sentencing appellant to an indefinite term of incarceration for two to five years by the Trumbull County Court of Common Pleas is affirmed. ___________________________ PRESIDING JUDGE DONALD
R. FORD
CHRISTLEY, J.,
NADER, J., concur.
[1] This court construed appellant's motion to "harmonize" as a postconviction relief exercise. See judgment entry dated January 6, 1998; R.C. 2953.21. In that judgment entry, this court determined that appellant had properly filed this appeal because the clerk of courts failed to comply with Civ.R. 5(B) by sending notice of the trial court's judgment entry to appellant's attorney, rather than appellant.
[2] The General Assembly amended Section 5 of Senate Bill 2, prior to its effective date, to emphasize that its provisions only apply to crimes committed on or after July 1, 1996, "notwithstanding division (B) of section 1.58 of the Revised Code * * *." Id.; Section 3, Am.Sub.S.B. No. 269, 146 Ohio Laws Part VI, 11099. In Rush, the appellants contended that the "notwithstanding" language was an unconstitutional attempt to amend R.C. 1.58(B) by frustrating its purpose.83 Ohio St.3d at 57. The court held that the provision was constitutional. Id.
[3] R.C. 2947.05 was repealed, effective July 1, 1996.