[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, Keith Edwards, appeals the trial court's judgment entry granting appellee's, Chelleh Konteh, Warden, motion to dismiss.
Appellant is an inmate at the Trumbull Correctional Institution in Leavittsburg, Ohio. Appellee, Chelleh Konteh, is the warden of that prison.[1] In a judgment entry dated June 6, 1989, appellant was sentenced to the Correctional Reception Center, Orient, Ohio, after having been found guilty on five counts: (1) aggravated burglary, without a firearm, R.C. 2911.11; (2) felonious assault, R.C. 2903.11; (3) aggravated robbery of John Lowe with a firearm, R.C. 2911.01; (4) aggravated robbery of Fannie Lowe with a firearm, R.C. 2903.01; and (5) involuntary manslaughter, R.C. 2911.11. Appellant was sentenced to serve a term of incarceration of ten to twenty-five years, with an actual ten year period of incarceration on count one; eight to fifteen years, with an actual eight year period of incarceration on count two; and three years of actual incarceration for possession of a firearm while committing a felony pursuant to R.C. 2929.71 for counts three, four, and five, which was to run consecutively with his sentence of ten to twenty-five years. Finally, appellant's sentence under count two was to run consecutively to the sentences imposed under counts one, three, four, and five.
On August 26, 1997, appellant filed a petition for a writ of habeas corpus pursuant to R.C. 2725.06, arguing that Am.Sub.S.B. No. 2 ("Senate Bill 2") should be retroactively applied. On September 24, 1997, appellee filed a motion to dismiss appellant's habeas corpus petition. The trial court entered judgment on October 16, 1997, granting appellee's motion to dismiss on the ground that, "the provisions of Senate Bill 2 do not apply to persons convicted and sentenced prior to July 1, 1996, and further, that the refusal of the Ohio General Assembly to provide for retroactive application of the bill does not violate equal protection or due process rights."
On October 30, 1997, appellant timely filed this notice of appeal. Appellant now asserts the following assignments of error:
 "[1.] The trial court abused its discretion and denied appellant's due process and equal protection of the law guaranteed under the Fourteenth Amendment of the United States Constitution, where the court ruled affirmatively upon the appellee's `Motion to Dismiss' without first reviewing and therefore deciding upon the merits of the therein included declaratory determination. (Emphasis sic.)
 "[2.] Appellant is deprived of his liberty without due pro(cess) of law and as is otherwise guaranteed by and through the United States Constitution and of the Ohio Constitution respectively where appellant is (e)ntitled to habeas corpus intervent(ion) where ambiguity in the permanent law provisions' [sic] of Ohio statutory authority allow for two distinct yet different interpretations, one of which is favorable to the state, while the other is favorable to the appellant, and the latter would therefore require, if applied accordingly, (`his') immediate release from custody."
In the first assignment of error, appellant contends that the trial court had incorrectly interpreted his petition for a writ of habeas corpus as seeking the retroactive application of Senate Bill 2. Rather, appellant contends that he was and currently is arguing that R.C. 1.58(B) and Senate Bill 2 are ambiguous and in conflict with each other, which appellant believes the Ohio courts would recognize if his semantic interpretations of those statutes were heard. Thus, appellant argues that the trial court abused its discretion by granting appellee's motion to dismiss without first reviewing his statutory analysis.
In State v. Adams (1980), 62 Ohio St.2d 151, 157, the court stated, "[t]he term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161. Additionally, a decision is unreasonable only when there is no sound reasoning process that would support that decision. Id. Furthermore, in State v. Rush (1998), 83 Ohio St.3d 53,57-58, the court upheld the constitutionality of Senate Bill 2 and denied its applicability to criminal defendants who committed their crimes prior to its July 1, 1996 effective date.
In State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997),78 Ohio St.3d 186, the appellants sought to have their sentences reduced pursuant to the provisions of Senate Bill 2, though their crimes were committed prior to its effective date, and they demanded that a hearing be immediately conducted on the matter. Additionally, the appellants claimed that equal protection and due process interests mandated the application of Senate Bill 2. In that case, the Supreme Court of Ohio held that Senate Bill 2 was not retroactive. Lemmon, 78 Ohio St.3d at 187-188. The court also held that the General Assembly's refusal to retroactively apply Senate Bill 2 to persons who committed their crimes prior to its effective date was not a violation of equal protection or due process concerns under the Fourteenth Amendment of the United States Constitution. Id. at 188. Thus, the court upheld the appellee's motion to dismiss the appellant's complaint because it failed to state a claim upon which relief could be granted. Id.
In our case, the trial court properly granted appellee's motion to dismiss because appellant committed his crime prior to the July 1, 1996 effective date of Senate Bill 2. Indeed, appellant was sentenced for his crime on June 6, 1989. As previously stated, the court, in Rush, clearly held that Senate Bill 2 does not apply to crimes committed prior to its effective date. Therefore, the trial court's decision to grant appellee's motion to dismiss was supported by case law directly on point and, thus, was not unreasonable, arbitrary, or unconscionable. Accordingly, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant claims that he was deprived of his liberty without due process of law since Senate Bill 2 and R.C. 1.58(B), when read together, are ambiguous and, therefore, R.C. 1.58(B) should be construed in his favor. Essentially, appellant contends that the General Assembly's use of the "notwithstanding" language in its amendment[2] of Senate Bill 2 signaled its attempt to make R.C. 1.58(B) apply retroactively. Appellant further states that, at the least, the "notwithstanding" language makes the applicability of R.C. 1.58(B) ambiguous, which must be resolved in his favor.
In Rush, 83 Ohio St.3d at 57-58, the court directly discussed appellant's concerns, and stated the following:
 "In the instant case, the original language expressed the General Assembly's intent that the provisions of S.B. 2 [Senate Bill 2] be applied only to crimes committed on or after its effective date. The `notwithstanding' language added by Section 3 of S.B. 269 is no more than a redundant expression of this aim.
 "The language at issue does not alter or modify R.C. 1.58(B). It eliminates uncertainty as to S.B. 2's effective date by distinctly resolving any perceived conflict between Section 5 of S.B. 2 and R.C. 1.58(B). The phrase `notwithstanding division (B) of section 1.58 of the Revised Code' communicates the General Assembly's proactive purpose by arresting R.C. 1.58(B)'s operation in this instance. * * *
 "More important, however, this express statement by the General Assembly was unnecessary. * * * In this case, the irrefutable `manifest intent' is that S.B. 2 prevail. * * *"
Thus, contrary to appellant's assertions, there is no ambiguity concerning the applicability of R.C. 1.58(B) to Senate Bill 2. The Supreme Court of Ohio has made it abundantly clear that Senate Bill 2 does not retroactively apply to crimes committed prior to its effective date. Consequently, appellant's second assignment of error is meritless.
For the foregoing reasons, appellant's assignment of errors are not with merit.
Therefore, the judgment of the Trumbull County Court of Common Pleas is affirmed. ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.
[1] Initially, appellant named Betty Mitchell as the appellee in this action. However, Chelleh Konteh subsequently replaced Ms. Mitchell as the warden of the Trumbull Correctional Institution. Therefore, Chelleh Konteh has been substituted as the party to this appeal pursuant to App.R. 29(C)(1).
[2] Contained in Section 3, Am.Sub.S.B. No. 269, 146 Ohio Laws, Part IV, 11099, amending Section 5 of Senate Bill 2.