This cause comes on timely appeal from a judgment entered by the Common Pleas Court of Columbiana County, Ohio on March 31, 1998 denying appellant's motion to resentence him in accordance with Senate Bill 2.
Pro-se appellant has filed a brief listing a single assignment of error as follows:
 "The trial court erred as a matter of law when it failed to sentence the appellant Gerald L. Rodgers pursuant to Senate Bill 2 (the new law)."
The record of this case reveals that on May 7, 1996 appellant pled guilty to involuntary manslaughter and having weapons under a disability as the result of a negotiated plea. On August 16, 1996, a date after the effective date of S.B. 2, which revised terms of sentence for various offenses, appellant was sentenced to a term of 2 to 10 years on the involuntary manslaughter conviction and a concurrent 6 months on the weapons conviction. The terms of incarceration were in accordance with pre S.B. 2 law. Appellant claims entitlement to the new sentencing provisions as R.C. 1.58(B) recites:
 "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."
This court has previously addressed the issue of resentencing as to this appellant. In State v. Gerald L. Rodgers (June 12, 1997), Columbiana App. No. 97-CO-26, unreported, this court affirmed appellant's sentence based on the decisions announced in State v. Rush (May 7, 1997), Columbiana App. No. 96-CO-53, unreported and State ex rel. Lemmon v. Ohio Adult ParoleAuthority (1997), 78 Ohio St.3d 186.
The State of Ohio has filed a motion to dismiss this appeal arguing that this court's decision in the earlier appeal was dispositive of the issue raised in the instant appeal.
Lemmon, supra addressed a situation wherein a criminal defendant was sentenced prior to the effective date of S.B. 2. Appellant herein was convicted prior to but sentenced after the effective date of S.B. 2. However, the Ohio Supreme Court has recently decided this very issue.
In State v. Rush (1998), 83 Ohio St.3d 53, paragraph 2 of the syllabus states:
 "Because the General Assembly has expressly stated that the amended sentencing provisions of Am. Sub. S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am. Sub. S.B. No. 2 apply only to those crimes committed on or after July 1, 1996."
The Ohio Supreme Court further held that section 5 of said bill did not violate the constitutional prohibitions againstex post facto and retroactive legislation.
Decisions of the Ohio Supreme Court are binding on this court and all inferior courts in this state.
Accordingly, based on Rush supra, it is the final judgment and order of this court that the judgment of the Common Pleas Court of Columbiana County, Ohio, is affirmed.
Costs to be taxed against appellant.
 -------------------------- HON. GENE DONOFRIO
 -------------------------- HON. JOSEPH J. VUKOVICH
 -------------------------- HON. CHERYL L. WAITE