This appeal is taken by appellant Fernando Meeks, from the judgment of the Court of Common Pleas of Allen County denying his motion for post-conviction relief.
In April 1995, Appellant was placed on probation for a period of five years following convictions for drug abuse and grand theft. In August 1996, Appellant was convicted of carrying a concealed weapon and sentenced to an eighteen-month prison term. The State then moved to revoke Appellant's probation and the trial court granted the motion on August 13, 1996. The trial court imposed two eighteen-month terms for the prior convictions to run consecutive to each other and to the eighteen-month sentence ordered for the concealed weapon conviction.
On April 27, 1998, Appellant filed a "Motion to Advise and Sentence the Defendant According to the Laws on July 1, 1996, and Thereafter." Appellant argued that the trial court should vacate the prior sentences because he was sentenced after the effective date of S.B. 2. This motion was denied on April 29, 1998. Appellant filed this appeal and requested court appointed counsel, which was provided. After review of the case, the attorney filed an Anders brief with this court to withdraw from the case because of her opinion that a meritorious appeal did not exist.
Although Appellant did not caption his motion as a petition for post-conviction relief, it may be considered as one.
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus.
R.C. 2953.21 states in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * * [or if] no appeal is taken, the petition shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal.
In this case, Appellant did not file a direct appeal. Thus, he had two hundred ten days from sentencing to file his petition for post-conviction relief. In his petition, Appellant requested the following:
 Wherefore, the defendant respectfully requests that this Court Advise and Sentence him according to the Law in effect on on (sic) August 8, 1996, the day in which the defendant was sentenced on the charges for which he is presently incarcerated.
From the face of Appellant's motion, it is clear that it was filed more than a year too late. Thus, the motion was untimely and subject to summary dismissal for lack of the trial court's jurisdiction to entertain it.
Counsel appointed to prosecute this appeal has filed a brief and motion to withdraw pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. Counsel indicates that a careful review of the record fails to disclose any errors by the trial court prejudicial to the rights of Appellant upon which an assignment of error may be predicated. The brief sets forth and argues two potential errors "that might arguably support the appeal" and requests permission to withdraw as counsel for Appellant on the basis that the appeal is without merit and frivolous.
Upon consideration the court finds that the brief and motion of counsel are proper and wholly consistent with Appellant's Sixth Amendment right to counsel. See McCoy v. Court of Appealsof Wisconsin, District 1 (1988), 486 U.S. 429, 180 S.Ct. 1895,100 L.Ed.2d 440 and Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300.
For the second assignment of error, Appellant claims that the trial court should have issued findings of fact and conclusions of law when it dismissed his motion. However, the untimely motion was properly dismissed without consideration of the merits. Thus, the judgment of dismissal for want of jurisdiction is final and there are no findings of fact or conclusion of law to be made.
In this case, the first assignment of error alleges that Appellant should have been sentenced under S.B. 2, which went into effect on July 1, 1996. The Ohio Supreme Court held inState ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, 677 N.E.2d 347 that the sentencing guidelines of S.B. 2 only apply to persons who commit offenses after July 1, 1996. Since Appellant's offenses occurred prior to July 1, 1996, S.B. 2 does not apply.
"Only after the appellate court finds no nonfrivolous issues for appeal [i.e. no arguable issue], may the court proceed to consider the appeal on the merits without assistance of counsel." Penson, supra. Counsel's brief and request to withdraw were served upon Appellant on September 3, 1998, to provide an opportunity for response to the issues raised by counsel or any other issue Appellant would like to set forth for review. Appellant was given thirty days in which to respond, but no response was filed.
After a separate and full examination of all the proceedings, we find no arguable issue in this appeal and declare it wholly frivolous. There exists no error prejudicial to Appellant's rights. Counsel's motion to withdraw is well taken.
Appeals dismissed.
 HADLEY and WALTERS, JJ., concurs.