OPINION
This appeal stems from a final judgment of the Portage County Court of Common Pleas. Appellant, Guy A. Kiefer, seeks the reversal of the trial court's decision to deny his motion to "mitigate" the length of his criminal sentence.
In October 1991, appellant entered a plea of guilty to one count of felonious assault under R.C. 2903.11(A). Initially, appellant was sentenced to an indefinite term of eight to fifteen years in a state penitentiary. However, upon appeal, this court vacated this original sentence on the basis that the trial court had not reviewed certain presentencing reports prior to making its determination. See State v. Kiefer (Sep. 30, 1992), Portage App. No. 91-P-2402, unreported.
Upon remand, appellant's case was assigned to a visiting common pleas judge from Carroll County, Ohio. After considering the presentencing reports and conducting a hearing on the matter, the visiting judge sentenced appellant to the identical term which had originally been ordered. This second judgment was subsequently upheld on appeal. See State v. Kiefer (Dec. 10, 1993), Portage App. No. 93-P-0005, unreported.
During the ensuing years, appellant filed a number of post-judgment motions. The majority of these motions were considered by the same visiting judge who had imposed appellant's final sentence. Upon reviewing the merits of each motion, the visiting judge denied every motion and upheld the validity of the conviction.
In September 1998, appellant moved the trial court to mitigate his sentence. As the basis for this motion, appellant asserted that the Ohio Adult Parole Authority had violated his constitutional rights by failing to apply the laws of this state in a uniform manner to him. Specifically, he argued that the parole authority should have changed his sentence from an indefinite term to a definite term because the latter is the type of term which is now imposed for felonious assault under Ohio's new sentencing laws.
Although the record before this court does not indicate why, appellant's motion to mitigate was not assigned to the visiting judge who had imposed the final sentence and heard the prior motions; instead, the new motion was considered by Judge John Enlow, a newly elected member of the Portage County Court of Common Pleas. Eight days after the filing of the motion to mitigate, Judge Enlow issued a judgment denying it.
Appellant then appealed Judge Enlow's decision to this court. Following an initial review of the record, we concluded that appellant's motion to mitigate should have been captioned as a petition for postconviction relief. Accordingly, we remanded this action to the trial court so that Judge Enlow could render findings of fact and conclusions of law.
Upon remand, Judge Enlow issued a seven-page entry discussing the merits of the motion to mitigate. As part of his conclusions of law, Judge Enlow held that appellant was not entitled to have the nature of his prison term changed from indefinite to definite because the new sentencing laws were inapplicable to him. Judge Enlow ultimately held that appellant's motion to mitigate did not assert a viable claim for postconviction relief because there was no indication that his constitutional rights had been violated.
In now contesting the merits of Judge Enlow's decision, appellant has assigned the following as error:
 "The trial court abused its discretion on motion to mitigation [sic] of sentence, or alternative application after judgement, when judgement is a nullity, void or voidable on subject matter over the person, class and violative [sic] of the State and United States Constitutions and laws."
In claiming that Judge Enlow's decision was erroneous, appellant has essentially restated the arguments which formed the basis of his motion to mitigate. As was noted above, appellant asserted in his motion that the Ohio Adult Parole Authority violated his constitutional rights when it refused to change his sentence from an indefinite term to a definite term. However, as Judge Enlow aptly indicated in his conclusions of law, each of appellant's constitutional arguments is based upon an underlying contention. That contention is that he is entitled to a shorter prison term because the new sentencing laws should be applied to him.
As has been well chronicled in various legal opinions throughout this state, the new sentencing laws were enacted in Am.Sub. S.B. No. 2 and took effect on July 1, 1996. As part of this legislation, the Ohio General Assembly expressly stated in Section 5 of the bill that the new sentencing laws were to apply only to crimes committed on or after July 1, 1996.
In reviewing the provisions of Am.Sub. S.B. No. 2, the Supreme Court of Ohio has concluded that the lack of retroactive application of the new sentencing laws does not violate the due process and equal protection rights of the criminal defendants who committed their crimes prior to the effective date of the statutes. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997),78 Ohio St.3d 186. Furthermore, the court has held that such an application does not violate the constitutional prohibition against ex post facto laws because the new laws did not increase the penalty for crimes committed prior to July 1, 1996. State v.Rush (1998), 83 Ohio St.3d 53.
In his motion to mitigate, appellant's primary argument was that the failure of the adult parole authority to alter his sentence to a definite term violated his rights to equal protection and the uniform application of the laws. However, pursuant to Lemmon, this argument lacks merit. Moreover, appellant's assertion of a "double jeopardy" violation would also lack merit because, as was noted in Rush, the prospective application of the new laws did not act to increase the penalty imposed upon a defendant who has already been sentenced under the prior laws.
In addition to his constitutional arguments, appellant maintained in his motion to mitigate that the adult parole authority was required to change the length of his jail term under R.C. 5145.01. This statute provides, in pertinent part:
 "If, through oversight or otherwise, a person is sentenced to a state correctional institution under a definite term for an offense for which a definite term of imprisonment is not provided by statute, the sentence shall not thereby become void, but the person shall be subject to the liabilities of such sections and receive the benefits thereof, as if the person had been sentenced in the manner required by this section."
First, in our estimation, the foregoing statutory language does not give the parole authority the power to change an inmate's sentence from an indefinite term to a definite term. Second, even if the statute did give the parole authority the ability to do such an act, it still would not be applicable to appellant because the imposition of an indefinite term upon him was not an "oversight or otherwise * * *." As of the date appellant was sentenced in 1993, the sentencing laws of this state permitted for the imposition of an indefinite term of incarceration for felonious assault. Accordingly, that sentence is still valid regardless of the subsequent changes in the sentencing laws.
Besides questioning the propriety of Judge Enlow's judgment, appellant has also raised the issue of Judge Enlow's power to rule upon his motion to mitigate. Without citing to any authority, appellant asserts in his supplemental brief that since the visiting common pleas judge had heard his prior post-judgment motions, that judge should have also ruled upon the motion to mitigate.
As to this point, this court would note that our review of the trial record indicates that, even though a visiting judge had been assigned to review the prior post-judgment motions, appellant never filed an affidavit of disqualification in the Supreme Court of Ohio against any of the sitting judges in the Portage County Court of Common Pleas, including Judge Enlow. Under these circumstances, Judge Enlow had the authority to rule upon the motion to mitigate, regardless of whether the visiting judge had still been available to hear the matter. See In re Veverka (Sept. 30, 1999), Ashtabula App. No. 98-A-0053, unreported.
Pursuant to the foregoing analysis, this court concludes that, even if an error by the Ohio Adult Parole Authority can be reviewed by a common pleas court, appellant did not demonstrate in his motion to mitigate that the parole authority had violated his constitutional rights by refusing to alter the length of his sentence. Stated differently, appellant did not establish that he was entitled to be "resentenced" under the new laws governing sentencing. Thus, as Judge Enlow did not err in denying appellant's motion to mitigate, the sole assignment in this appeal is not well taken.
The judgment of the trial court is affirmed.
FORD, P.J., CHRISTLEY, J., concur.