DECISION AND JOURNAL ENTRY
Jeffrey Cole appeals from the decision of the Summit County Court of Common Pleas which denied his application for judicial release. This court affirms.
 I.
On November 15, 1994, Jeffrey Cole was convicted of involuntary manslaughter after a jury trial and he was sentenced to an indeterminate term of four to ten years of imprisonment and a mandatory consecutive three year term for a firearm specification. On January 3, 2000, Cole moved the trial court for judicial release, pursuant to R.C. 2929.20. By the time he requested judicial release, Cole had served the mandatory three years on the firearm specification and two years on the remaining sentence. On March 23, 2000, the trial court denied the motion for judicial release on the grounds that the judicial release statute enacted for the first time by Am.Sub.S.B. No. 2, effective July 1, 1996, did not apply to offenses committed prior to the effective date of the statute. Cole filed a timely appeal, assigning one error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT'S FAILURE TO APPLY THE PROVISIONS OF R.C. 2929.20 TO APPELLANT'S MOTION FOR JUDICIAL RELEASE VIOLATED APPELLANT'S RIGHT TO EQUAL PROTECTION AND DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
 The Ohio Supreme Court has already determined that the sentencing structure provided by Am.Sub.S.B. No. 2 does not apply to persons who committed offenses prior to July 1, 1996. State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus. The Court has also determined that the legislature's determination not to apply the sentencing structure provided by Am.Sub.S.B. No. 2 to persons who committed offenses prior to July 1, 1996 does not violate the constitutional guarantees of equal protection and due process. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, 188. This court, applying Rush, has determined that R.C. 2929.20 does not apply to offenders whose offenses were committed prior to July 1, 1996. State v. Brickey (Nov. 22, 2000), Medina App. No. 3066-M, unreported, at 3.
Cole argues that his situation is different from cases heard by the Ohio Supreme Court because he became "eligible" for judicial release after the effective date of the statute, in that he had served his mandatory sentence. See R.C. 2929.20(A)(1)(c).[1] However, no person who is serving a prison sentence for an offense committed prior to July 1, 1996, is an eligible offender. See Rush, 83 Ohio St.3d at 57;Brickey, Medina App. No. 3066-M, at 3. Cole's assignment of error is overruled.
The judgment of the trial court is affirmed.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J., CONCUR
[1] The General Assembly enacted a new version of the statute, effective March 23, 2000. References to the statute herein are those in effect at the time Cole filed his motion. The changes are not relevant to the disposition of this case.