OPINION
Defendant-appellant David A. Dabney appeals the July 26, 2000 Judgment Entry entered by the Stark County Court of Common Pleas, overruling his Motion to Advise with Request to be Re-sentenced Pursuant to S.B. No. 2. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 20, 1996, appellant was indicted on one count of murder, in violation of R.C. 2903.02. Appellant entered a plea of not guilty to the charge at his arraignment on December 27, 1996. The matter was to commence for trial on April 28, 1997. Prior to trial on April 16, 1997, appellant entered a plea of guilty to an amended charge of involuntarily manslaughter, in violation of R.C. 2903.04(A). The trial court ordered a presentence investigation and scheduled a sentencing hearing for May 14, 1997. The trial court ultimately sentenced appellant to an indeterminate term of incarceration of ten to twenty-five years. On February 25, 2000, appellant filed a Motion for Super Shock Probation pursuant to R.C.2947.061(B). The trial court overruled the motion via Judgment Entry filed March 9, 2000. The trial court subsequently allowed appellant to withdraw the motion without prejudice, subject to future refiling. Additionally, the trial court vacated and remitted the March 9, 2000 Judgment Entry. On July 17, 2000, appellant filed a Motion to Advise with Request to be Re-Sentenced Pursuant to S.B. No. 2 (New Law). The trial court overruled appellant's motion via Judgment Entry filed July 26, 2000. It is from this judgment entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE COURT FAILED TO SENTENCE THE DEFENDANT TO THE TERMS OF SENATE BILL 2, AND ITS PROGENY (SECTION 3, AM. SUB. S.B. NO. 269, 146 OHIO LAWS, PART IV, 11099, AMENDING SECTIONS 5 OF S.B. 2) ARE UNCONSTITUTIONAL IN THAT THEY ARE EX POST FACTO LAWS.
 II. STATE V. RUSH (1998), 83 OHIO ST.3d 53 DOES NOT GOVERN THE INSTANT CASE.
 III. APPELLANT CLAIMS THAT HE CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED, EQUAL PROTECTION OF THE LAWS OF THE CONSTITUTION OF THE UNITED STATES: AMENDMENTS 14 1 AND THE OHIO CONSTITUTION AMENDMENTS 1 2: EQUAL PROTECTION.
 I, II, III
Because appellant's assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, appellant maintains the trial court's failure to apply the sentencing provisions of S.B. No. 2 to him was unconstitutional as such is violative of the ex post facto principals. In his second assignment of error, appellant argues the Ohio Supreme Court's decision in State v. Rush (1998), 83 Ohio St.3d 53, does not govern the instant action. Appellant explains an application of Rush would deny his constitutional right to due process. In his final assignment of error, appellant contends the trial court's failure to apply the sentencing provisions of S.B. No. 2 to him was unconstitutional as it violated his right to equal protection of the laws. Appellant's first constitutional argument has been considered and rejected by the Ohio Supreme Court. In State v. Rush, supra, the Ohio Supreme Court held: Section 5 of Am.Sub.S.B. No. 2, as amended by Section 3 of Am.Sub.S.B. No. 269, does not violate the constitutional prohibitions against ex post facto and retroactive legislation. Id. at para. 3 of syllabus.
Furthermore, in State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, the Ohio Supreme Court held: [T]he refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2 to persons convicted and sentenced before July 1, 1996 did not violate their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. "The 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." (Citations omitted).
Because the Ohio Supreme Court has explicitly rejected all of appellant's constitutional arguments, we overrule appellant's first, second, and third assignments of error. The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur