DECISION AND JUDGMENT ENTRY
{¶ 1} Steven Gibson appeals his convictions and sentences in the Washington County Court of Common Pleas for gross sexual imposition and attempted felonious sexual penetration. He asserts that the evidence was insufficient to classify him as a sexual predator. We disagree because some competent, credible evidence supports his classification. Gibson further claims that the trial court erred when it made his sentences consecutive without giving its reasons as required by law. Because Gibson's crimes occurred before July 1, 1996, we disagree. Finally, Gibson maintains that the trial court erred when it refused to instruct the jury on gross sexual imposition and sexual imposition because they are lesser-included offenses of attempted felonious sexual penetration. We find that the trial court did not have to give the two instructions because gross sexual imposition does not meet the test contained in Statev. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus, and sexual imposition does not meet the second prong of the test contained inState v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus. Accordingly, we affirm the decision of the trial court.
 I. {¶ 2} Several witnesses testified for the state. Gibson rested after the state's case-in-chief without presenting any evidence.
 {¶ 3} The record shows that the female victim, born on May 28, 1981, lived with Gibson on Maple Street in Belpre, Ohio, after he married her mother in 1992. The mother testified that the family moved to Maple Street on April 9, 1992 and left this address in April 1994.
 {¶ 4} The victim testified that during the summer when they lived at the Maple Street address, Gibson on more than one occasion fondled her breasts, touched her vagina, and tried to penetrate her vagina with his fingers. She said that when Gibson attempted to penetrate her and she told him that it hurt, he usually stopped. She testified that she was too embarrassed to tell anyone and that Gibson told her not to tell.
 {¶ 5} The trial court instructed the jury on gross sexual imposition and attempted felonious sexual penetration. Gibson also requested the trial court to instruct the jury on gross sexual imposition and sexual imposition as lesser-included offenses of attempted felonious sexual penetration. He maintained that, even though he did not present any evidence to rebut the state's case-in-chief, the victim gave conflicting testimony about when the crimes occurred. He claimed that at one point during cross-examination she testified that she moved from the Maple Street address when she was in the eighth grade. Thus, he reasoned that the jury could find that the victim was over thirteen years of age when the alleged crimes occurred. Gibson also argued that the jury could find that he touched the victim's vagina but did not try to penetrate her, but Gibson did not refer the court to a specific part of the record to support this argument. The trial court refused to give the requested instructions. The jury found Gibson guilty of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and attempted felonious sexual penetration, in violation of R.C. 2907.12(A)(1)(b).
 {¶ 6} The trial court accepted the guilty findings and ordered a pre-sentence investigation. Later, after considering the record and the pre-sentence investigation report ("PSI"), the court sentenced Gibson to prison for each offense. The court ordered the sentences to be served consecutively without giving its reasons for doing so. The court further classified Gibson as a sexual predator.
 {¶ 7} Gibson appeals and asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR. THE EVIDENCE PRESENTED AT THE SENTENCING/CLASSIFICATION HEARING WAS INSUFFICIENT TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT-APPELLANT WOULD LIKELY ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES;
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES;
 III. THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY AS TO THE LESSER INCLUDED OFFENSES OF GROSS SEXUAL IMPOSITION AND SEXUAL IMPOSITION AS TO THE CHARGE OF ATTEMPTED FELONIOUS SEXUAL PENETRATION."
 II. {¶ 8} Gibson argues in his first assignment of error that the trial court's finding that he is a sexual predator is "not supported by competent, credible evidence." Gibson maintains that the trial court's conclusion "that the victim was of a young age and that her youth was interrupted is not enough to show that [he] was likely to commit another sexually oriented offense." Gibson points out that he has not committed any other sexually oriented offenses since 1993. In short, Gibson claims that his sexual predator classification is against the manifest weight of the evidence.
 {¶ 9} A sexual predator is a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E). Sexual offender classification proceedings under R.C. 2950.09
are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B);State v. Cook (1998), 83 Ohio St.3d 404, 408. We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v. Morris (July 18, 2000), Washington App. No. 99CA47; State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09; State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence. Meade. See, also, State v. Hannold (June 28, 1999), Washington App. No. 98CA40.
 {¶ 10} In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). Cook at 407-408. These factors are as follows:
 {¶ 11} "The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender;
 {¶ 18} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 21} While a "prolonged period of time without additional sexually oriented offenses" is a factor that may be considered by the trial court and may weigh "against a finding that [an offender] has a propensity for committing further sexually oriented offenses[,]" State v.Parker (1999), 134 Ohio St.3d 660, 666, it does not prevent a trial court from classifying the offender as a sexual predator when the trial court engages in a thorough analysis of the statutory factors. See, e.g., Statev. Moodie (June 30, 2000), Jefferson App. No. 99JE56, fn. 1.
 {¶ 22} A trier of fact may consider past behavior in determining future propensity to commit sexually oriented offenses because past behavior is often an important indicator for a future propensity. Statev. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citing Kansas v. Hendricks (1997), 521 U.S. 346 and Heller v. Doe
(1993), 509 U.S. 312, affirmed (1998), 84 Ohio St.3d 9. For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade; State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
 {¶ 23} A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported; State v. Mollohan
(Aug. 19, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported.
 {¶ 24} Gibson does not dispute that he was convicted of a sexually oriented offense. Therefore, the only issue in this case is whether there is some competent, credible evidence that he is likely to engage in the future in one or more sexually oriented offenses. We find that there is some competent, credible evidence to support the trial court's finding that Gibson is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 25} Here, the record shows that (1) Gibson was born on November 9, 1961 and was 31 years old in the summer of 1993 and 39 years old at the time of the hearing on July 26, 2001, (R.C. 2950.09(B)(3)(a)); (2) his two convictions for gross sexual imposition and attempted felonious sexual penetration are his first offenses, (R.C. 2950.09(B)(3)(b)); (3) the victim was born on May 28, 1961 and was twelve years old in the summer of 1993, (R.C. 2950.09(B)(3)(c)); (4) Gibson still denies that he acted inappropriately toward the victim, (R.C. 2950.09(B)(3)(j)); (5) Gibson married the victim's mother and then took advantage of his status as her step-father by fondling her breasts and touching and attempting to penetrate her vagina with his fingers several different times (demonstrating a pattern of abuse) starting when the victim was 11 or 12 years old[1] and ending when the victim was approximately 15 or 16 years old.[2] (R.C. 2950.09(B)(3)(h)). Therefore, we find that some competent, credible evidence supports the trial court's finding that Gibson is likely to engage in one or more sexually oriented offenses in the future.[3] Consequently, we find that the trial court's finding that Gibson is a sexual predator is not against the manifest weight of the evidence.
 {¶ 26} Gibson also argues that the trial court was required to follow the model sexual offender classification hearing set forth inState v. Eppinger (2001), 91 Ohio St.3d 158, 166. We disagree because theEppinger court used the word "should" instead of the word "required."Eppinger did not overrule State v. Cook (1998), 83 Ohio St.3d 404. InCook the court stated that R.C. 2950.09 does not require a trial court to list all the criteria it considered, but only to consider all the relevant factors when it makes its findings. Cook at 426.
 {¶ 27} Here, the sexual classification hearing was closer to theCook hearing than the model outlined in Eppinger. Nevertheless, the trial court was not required to follow the Eppinger model. If Gibson wanted to know how the trial court arrived at its sexual predator classification finding, he should have asked for Civ.R. 52 findings of fact and conclusions of law. Hence, we find that the trial court did not err on this issue.
 {¶ 28} Accordingly, we overrule Gibson's first assignment of error.
 III. {¶ 29} Gibson argues in his second assignment of error that the trial court erred when it ordered consecutive sentences. He claims that pursuant to R.C. 2929.14(E)(4) a trial court has to state its reasons for imposing consecutive sentences. The state maintains that R.C. 2929.14(E)(4) does not apply here because the crimes were committed before July 1, 1996 (the day R.C. 2929.14 took effect). We agree with the state because the Ohio Supreme Court has stated that trial courts are to apply the law in effect at the time of the crime, not the law in effect when the imprisonment occurs. See State v. Rush (1998), 83 Ohio St.3d 53, cert. denied, (1999), 525 U.S. 1151; State ex rel. Lemmon v. Ohio Adult ParoleAuth. (1997), 78 Ohio St.3d 186.
 {¶ 30} Gibson in his reply brief also argues that the trial court did not consider the factors in R.C. 2929.12 as required before the passage of Senate Bill 2, i.e., before July 1, 1996. We do not address this argument because R.C. 2929.12 did not address the consecutive sentence issue raised in this assignment of error. App.R. 12(A)(b).
 {¶ 31} Accordingly, we overrule Gibson's second assignment of error.
 IV. {¶ 32} Gibson argues in his third assignment of error that the trial court erred when it refused to instruct the jury on the offenses of gross sexual imposition and sexual imposition because they are lesser-included offenses of attempted felonious sexual penetration. We disagree with Gibson that the trial court had to give these instructions.
 {¶ 33} In Deem, supra, 40 Ohio St.3d 205 at paragraph three of the syllabus, the court held:
 {¶ 34} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 35} See R.C. 2945.74; Crim.R. 31(C). Even if an offense meets the above three-pronged Deem test, a trial court is still only required to instruct the jury on the lesser-included offense when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense. Thomas,supra, 40 Ohio St.3d at paragraph two of the syllabus. See State v.Goodwin (1999), 84 Ohio St.3d 331, 345.
 {¶ 36} Here, Gibson characterizes gross sexual imposition and sexual imposition as lesser-included offenses of attempted felonious sexual penetration. R.C. 2907.05(A)(4), gross sexual imposition, reads:
 {¶ 37} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 38} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 39} R.C. 2907.06(A)(4), sexual imposition, reads:
 {¶ 40} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 41} "(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
 {¶ 42} In contrast, the state charged Gibson with attempted felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b) and R.C. 2923.02(A). The felonious sexual penetration statute, R.C.2907.12(A)(1)(b), reads:
 {¶ 43} "(A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 44} "The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 45} Hence, a person is guilty of attempted felonious sexual penetration when he or she purposely engages in conduct that, if successful, would constitute or result in a violation of R.C.2907.12(A)(1)(b). R.C. 2923.02(A).
 {¶ 46} Here, Gibson argues that the state presented contradictory evidence regarding whether the victim was less than thirteen years of age. Gibson maintains that the jury could have found that the victim was over thirteen years old because the victim was not sure exactly when the crime occurred and gave conflicting testimony. Also, Gibson claims that the jury could have found that Gibson had contact with the victim's vagina but did not try to penetrate it. Thus, Gibson claims that the trial court should have given the two additional instructions.
 {¶ 47} We first find that the trial court did not err when it did not give an instruction for gross sexual imposition. We assume for purposes of our analysis that gross sexual imposition passes the three-pronged Deem test and is a lesser-included offense of attempted felonious sexual penetration. But, an instruction to the jury on a lesser-included offense must still pass the Thomas test. The instruction is still only required when the evidence submitted at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense. Goodwin, supra; Thomas, supra.
 {¶ 48} Here, if the jury found that the victim was over thirteen years old, it would have to find Gibson not guilty of attempted felonious sexual penetration and also not guilty of gross sexual imposition. And, after a thorough review of the record, we cannot find any conflicting testimony about Gibson attempting to penetrate the victim with his fingers. As we stated earlier, Gibson did not offer any rebuttal testimony. The evidence supporting the attempted penetration is uncontroverted. Therefore, we find that the evidence would not reasonably support an acquittal on attempted felonious sexual penetration and a conviction upon gross sexual imposition. Consequently, Gibson did not satisfy the Thomas test.
 {¶ 49} We further find that the trial court did not err when it did not give an instruction for sexual imposition. We find that sexual imposition is not a lesser-included offense of attempted felonious sexual penetration because sexual imposition does not pass the second-prong of the Deem test. A person could commit attempted felonious sexual imposition but not commit sexual imposition if a jury found that a victim was under thirteen years of age. Hence, the trial court did not err when it refused to instruct the jury on sexual imposition.
 {¶ 50} Accordingly, we overrule Gibson's third assignment of error.
 V. {¶ 51} In conclusion, we overrule all three of Gibson's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Evans, J. Concur in Judgment and Opinion.
[1] The trial court stated at the hearing that the sexual abuse started when the victim was 10 years old, instead of 11 or 12 years old. In our analysis we do not rely on this incorrect finding. Thus, we find this error harmless.
[2] We obtained the ending date from the PSI.
[3] We did not consider the pending case against Gibson alleging gross sexual imposition, a felony of the third degree, in violation of R.C.2907.05(A)(4). The pending case involves allegations by a different stepdaughter on February 5, 2000, when she was 10 years old.